UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHNNY CAMERON | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No.: 2:15-CV-01338 |
| ALLIED WASTE SYSTEMS, INC. | § | |
| Defendant. | § | |

# AGREED MOTION FOR DISMISSAL WITH PREJUDICE

COMES NOW, DEFENDANT, ALLIED WASTE SYSTEMS, INC., and announces to the Court that all disputes existing between all parties were settled at mediation. Accordingly, the parties respectfully request that the Court enter an Order dismissing this case with prejudice.

Respectfully submitted,

**THE BASSETT FIRM**

*[signature]*

**MIKE H. BASSETT**
mbassett@thebassettfirm.com
SBN: 01890500
**MATHEW SAMUEL**
msamuel@thebassettfirm.com
SBN: 24025631
**STEPHEN B. BOLNER, JR.**
sbolner@thebassettfirm.com
SBN: 24081883
Two Turtle Creek Village
3838 Oak Lawn Avenue, Suite 1300
Dallas, Texas 75219
(214) 219-9900 Telephone
(214) 219-9456 Facsimile

**ATTORNEYS FOR DEFENDANT,
ALLIED WASTE SYSTEMS, INC.**


**NEGEM & WORTHINGTON**

*[signature]*

**JOE M. WORTHINGTON**
joe@negemlaw.com
SBN: 22009950
440 South Vine Ave.
Tyler, Texas 75702
(903) 595-4466 Telephone
(903) 593-3266 Facsimile

**ATTORNEY FOR PLAINTIFF,
JOHNNY CAMERON**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 14TH day of ~~March~~ APRIL, 2016, the undersigned counsel caused a true and correct copy of the above and foregoing document to be served upon all counsel of record, via the Court's ECF system, in accordance with the Federal Rules of Civil Procedure.

STEPHEN B. BOLNER, JR.

03/21/2016 10:16 FAX  903 842 2964        CITY OF TROUP                    ☒0002/0006
MAR/21/2016/MON 10:05 AM                  FAX No.                          P. 002/006

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| JOHNNY CAMERON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 2:15-CV-01338 |
| | § | |
| ALLIED WASTE SYSTEMS, INC. | § | |
| | § | |
| Defendant. | § | |

# CONFIDENTIAL SETTLEMENT RELEASE AND INDEMNIFICATION AGREEMENT

STATE OF **Texas** §
COUNTY OF **Smith** §
§

That for and in consideration of a cash payment having the total present value sum of THREE HUNDRED AND FIFTY THOUSAND DOLLARS AND 0/100 ($350,000.00) the receipt and sufficiency of which is hereby acknowledged and confessed, JOHNNY CAMERON (hereinafter referred to as the "Claimant") does hereby knowingly and voluntarily COMPROMISE, SETTLE AND FOREVER RELEASE AND DISCHARGE ALLIED WASTE SYSTEMS, INC., REPUBLIC SERVICES, INC., ALLIED WASTE SERVICES, INC., REPUBLIC WASTE SERVICES OF TEXAS, LTD., CCMSI, JACK KINN, GLEN WHIPPER, and their agents, subsidiaries, parent companies, other related entities, servants, employees and representatives of the parties expressly released (hereinafter referred to as the "Released Parties") and all other persons, firms, organizations or corporations in privity with the persons and entities expressly released of and from ANY AND ALL KNOWN AND UNKNOWN claims, causes of action, actions, damages, demands, costs, court costs, expenses, or compensation of any nature which the Claimant held or may now hold or in the future hold arising out of or in any way connected with a motor vehicle incident involving Jack Kinn and Johnny Cameron, which occurred on or about April 6, 2014, on County Road 4102 in Cherokee County, Texas, or any subsequent actions by the Released Parties related to or resulting from this incident (hereinafter referred to as the "INCIDENT").

The Claimant claims and has claimed that he sustained serious injuries and declares, represents and agrees that the injuries sustained may be permanent and progressive and recovery there from is uncertain and indefinite, and that all injuries, damages, impairment and losses may not now be fully known to us and may be more numerous and may be more serious than we now expect. It is our intention to release and relinquish all claims of whatsoever nature which have arisen or which may arise out of the INCIDENT regardless of whether said claims are described in the pleadings or otherwise and whether now known or not. We accept the sum of $350,000.00 in full settlement and satisfaction of any and all claims whatsoever, for all injuries known or unknown, and any property damage claims to the vehicle being operated by Claimant, related to the INCIDENT.

For this consideration, the Claimant agrees to dismiss with prejudice Cause No. 2:15-CV-01338, *pending in the United States District Court in the Eastern District of Texas, Marshall Division styled; Johnny Cameron v. Allied Waste Systems, Inc.* and all claims in such suit which were asserted or which might have been asserted. The Claimant understands that this settlement is a compromise of a doubtful and disputed claim and that the payment is not to be construed as an admission of liability on the part of the Released Parties. We also agree that we will not be pursuing any future claims against the Released Parties and/or their insurers.

The Claimant understands and agrees that this is a compromise of claims which have been disputed in good faith. It is understood that this compromise settlement is entered into by the Released Parties for the purpose of avoiding the time, expense and uncertainty which would accompany further litigation and to buy peace. The Claimant understands and agrees that the liability of the Released Parties is questionable, indefinite, uncertain and incapable of being satisfactorily established. It is expressly understood and agreed by the Claimant that the Released Parties have no further obligation to the Claimant.

The Claimant represents that neither he nor his attorney(s) or agent(s) will disclose, disseminate or publicize, or cause or permit to be disclosed, disseminated or publicized, the terms of this Agreement, directly or indirectly, to any person, corporation, association or government agency, except for Claimant's attorney, accountant, or other tax, financial, or legal advisors, or immediate family members, or for the purpose of enforcing this Agreement, should that ever become necessary, and/or except as required by law or legal process. The Claimant further represents that he will neither orally nor in writing make defamatory statements concerning the Released Parties as it relates to the claims released herein. If inquiries are made concerning the case, the Claimant may respond that the case has been resolved and he is not at liberty to discuss the terms or conditions. This provision is a material, essential and indispensable condition of this Agreement, and any breach of the confidentiality of this settlement may entitle the Released Parties to exercise their full legal remedies.

In executing this agreement the Claimant is doing so of his own free will and accord and has not relied upon any statements or promises, warranties or representations made

by any persons representing or claiming to represent the Released Parties, realizing all the time that this is a final and complete compromise and settlement and release of any and all claims, known or unknown, past, present, or future, that the Claimant has or may have against the Released Parties.

The Claimant hereby warrants to the Released Parties that he has not assigned any other person or entity any of his rights or claims or causes of action against the Released Parties.

The Claimant expressly warrants either that (1) there are no outstanding unpaid hospital liens, Medicare and/or Medicaid liens, medical insurance subrogation claims, personal insurance subrogation claims or other encumbrances against the claims and causes of action being released, or (2) that all such liens and claims have been or shall be fully satisfied out of the proceeds of this settlement. Claimant understands and agrees that he shall have the sole and exclusive obligation to reimburse Medicare from any conditional payments that Medicare has made for medical treatment related to injuries from this Incident. Claimant understands that he shall also be responsible for utilizing a portion of the proceeds of this settlement towards satisfaction of any Medicare lien related to future medical expenses. Furthermore, Claimant warrants he has discharged any lien and complied with Chapter 55 of the Texas Property Code, if applicable.

## INDEMNIFICATION AGREEMENT
### Important: Please Read Carefully

THE CLAIMANT AGREES TO INDEMNIFY AND HOLD HARMLESS THE RELEASED PARTIES AND THE BASSETT FIRM, FROM ANY AND ALL DEMANDS, SUITS, CLAIMS, CAUSES OF ACTION, AND COSTS OF DEFENSE (INCLUDING ATTORNEY'S FEES), WHICH MAY HEREAFTER BE ASSERTED AGAINST THE RELEASED PARTIES (ALLIED WASTE SYSTEMS, INC., REPUBLIC SERVICES, INC., ALLIED WASTE SERVICES, INC., REPUBLIC WASTE SERVICES OF TEXAS, LTD., CCMSI, JACK KINN, GLEN WHIPPER AND THEIR AGENTS, SERVANTS, EMPLOYEES AND REPRESENTATIVES OF THE PARTIES AND/OR ANY OTHER PARENT CORPORATIONS, PARENT COMPANIES, SUBSIDIARIES, OR OTHER RELATED ENTITIES) AND THE BASSETT FIRM ARISING OUT OF THE INCIDENT, ASSOCIATED INJURY OR THIS SETTLEMENT, SO LONG AS THE CLAIM IS BEING MADE BY, THROUGH, DERIVATIVE, OR UNDER THE CLAIMANT, INCLUDING ANY CLAIMS OR CAUSES OF ACTION FOUNDED ON A HOSPITAL LIEN, HOSPITAL AND EMERGENCY MEDICAL SERVICES LIEN, MEDICARE AND/OR MEDICAID LIEN, SCHIP EXTENSION

CONFIDENTIAL SETTLEMENT RELEASE AND INDEMNIFICATION AGREEMENT
PAGE 3

ACT OF 2007 AND/OR 42 U.S. 1395b-3, MEDICAL INSURANCE LIEN, WORKERS' COMPENSATION LIEN, ANY OTHER SUBROGATION LIEN, SPECIFICALLY THE TEXAS MUNICIPAL LEAGUE LIEN, CLAIM FOR CONTRIBUTION OR INDEMNITY, CLAIMS BASED UPON THE SOLE OR CONCURRENT NEGLIGENCE OF ANY RELEASED PARTY, ANY CLAIMS FOR EXPENSES, CLAIMS FOR ATTORNEYS' FEES AND/OR EXPENSES OF ANY PRIOR LAW FIRM CLAIMANT MAY HAVE HIRED TO REPRESENT HIM ON HIS INTERESTS CONCERNING THE APRIL 6, 2014 INCIDENT. THE OBLIGATIONS TO INDEMNIFY AND HOLD HARMLESS SHALL BE ENFORCEABLE WITHOUT REGARD TO THE ACTUAL OR ALLEGED NEGLIGENCE, GROSS NEGLIGENCE OR OTHER FAULT OF THE DEFENDANT/RELEASED PARTIES, WHETHER THE NEGLIGENCE BE SOLE, JOINT OR CONCURRENT, ACTIVE OR PASSIVE; IT BEING THE EXPRESS INTENTION OF CLAIMANT TO INDEMNIFY AND HOLD HARMLESS THE RELEASED PARTIES FROM THE CONSEQUENCES OF ITS OWN ACTUAL OR ALLEGED NEGLIGENCE OF RELEASED PARTIES.

This Release contains the entire agreement between the parties hereto, and the terms of this Release are contractual and not a mere recital.

The Claimant represents and warrants that he is over the age of eighteen years, competent to execute this document, and has carefully read the foregoing and knows its contents, and has signed this document of his own free will and with the advice of counsel of his choosing.

X _[signature]_
JOHNNY CAMERON

8-11-1966
DATE OF BIRTH

3-21-2016
DATE

STATE OF Texas          §
                        §
COUNTY OF Smith         §

BEFORE ME, the undersigned authority, on this day personally appeared JOHNNY CAMERON, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

SWORN TO AND SUBSCRIBED before me on the 21st day of March, 2016.

My Commission Expires:

11-15-2019



BUFFIE K DEASON
My Commission Expires
November 15, 2019

_____
Notary Public, State of Texas

_____
Printed or Stamped Name of Notary

CONFIDENTIAL SETTLEMENT RELEASE AND INDEMNIFICATION AGREEMENT
PAGE 8